In the Matter of the Application of THE GREEN POINT SAVINGS BANK, Petitioner, for an Order of Certiorari against BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD and STEPHEN A. BEDELL and Others, Constituting the Members Thereof, and PLYMOUTH COLONY CORPORATION and HAROLD WALTERS, Intervenors, Respondents.— Respondent Walters is the owner of premises on the southeast corner of South Spruce street and Hempstead avenue, in the town of Hempstead, Nassau county. Petitioner is a taxpayer in the town and is the owner of considerable property located in the immediate vicinity. On May 12, 1936, the town, through its town board, issued to Walters and the Plymouth Colony Corporation, his predecessor in title, a permit for the erection and maintenance of a gasoline station and storage tanks. On June 15, 1936, the building inspector of the town approved certain plans for the erection of the station and issued a building permit. On November 12, 1936, the building inspector issued to Walters a certificate of occupancy certifying that the station was erected in compliance with the permit and provisions of law, and further, that the building may be used as a gasoline service station and gas filling station. The station is now in operation. On July 28, 1938, the building inspector denied petitioner's application to revoke the building permit and certificate of occupancy. The action of the

building inspector was affirmed by the board of zoning appeals. Petitioner thereupon instituted this proceeding to review the determination of the board of appeals. By order of the Special Term the proceeding was transferred to this court for disposition, as authorized by section 1296 of the Civil Practice Act. In our opinion the permit was issued by the town board primarily under the Zoning Ordinance (Art. 7, § 701, subd. 10, as amd.) which, because of lack of uniformity, as required by section 262 of the Town Law, is unconstitutional and invalid and, therefore, the building permit and certificate of occupancy issued by the building inspector are likewise null and void. Nor was the petitioner guilty of laches in commencing this proceeding. Determination of the board of zoning appeals of the town of Hempstead and of the building inspector of said town refusing to revoke the building permit and certificate of occupancy granted to Harold Walters annulled, with ten dollars costs and disbursements, payable by respondents Plymouth Colony Corporation and Harold Walters to the petitioner, application of petitioner granted, and the building inspector of the town of Hempstead directed to revoke the building permit and certificate of occupancy issued to respondent Harold Walters. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.